Cartter, C. J.,
delivered the opinion of the court:
The whole subject of controversy in this case, as presented to the court, is resolved in the question, Had the House of Eepresentatives of the United States jurisdiction in the premises?
If jurisdiction over the subject and person of the plaintiff resided in the House, the ministerial functions discharged by the Speaker and Sergeant-at-Arms in the premises were justified in the jurisdiction. Under the principles of law regulating the relations of ministerial officers to those around them, and affected by their acts, two questions are fundamentally important. Has the authority issuing process jurisdiction of the subject, and of the person against whom process goes ? These two questions answered affirmatively, nothing remains in the determination of the question as to their right to execute the process.. Their liability, thenceforward, is regulated by the responsibility as to the manner *458 in which they do it, a subject not made matter of complaint in this case.
The question of power to punish for a contempt in the case now before the court was settled by the Supreme Court of the United States in the case of Anderson vs. Dunn, 6 Wheaton, 204, more than half a century ago, after a stout contest, and upon thorough deliberation. This authority has been uniformly acquiesced in for over fifty years, and until reversed must be regarded as conclusive with this court. If authority, the subject of this controversy is stare decisis.
In making this decision, the court confines itself strictly to the adjudication of the case made. We are not engaged in the investigation of the rights of a citizen held in durance vile under an application by writ of habeas corpus.
The demurrer to the pleas is overruled.
The case of Stewart vs. Ordway involves the same questions, and comes before the court in the same manner, being an action against the Sergeant-at-Arms for the same alleged trespasses. There will be the same judgment as in the case just decided.